UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT CSECH, | ) | 3:13-cv-00283-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | September 29, 2014 |
| | ) | |
| VERONICA VAN HORN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:           FTR

COUNSEL FOR PLAINTIFF:   Robert Csech, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Benjamin R. Johnson, Esq. (Telephonically)

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:25 a.m.  Court convenes.

The court holds today's hearing to address several documents.  According to the Screening Order (Doc. # 3), the court notes Plaintiff's Eighth Amendment claims against Northern Nevada Correctional Center ("NNCC") nurses Veronica Van Horn, Angelita Hensley and officer R. Shepherd survived the court's initial screening of the case.  Plaintiff's retaliation claim against defendant Shepherd has been dismissed with prejudice and without leave to amend. The operative complaint in this matter is Plaintiff's original complaint (Doc. # 4), which again is limited to the allegations and named Defendants as defined in the Screening Order (Doc. # 3).

The court first addresses Plaintiff's "Supplement Complaint" (Doc. # 21).  Plaintiff is advised and, as required by Fed. R. Civ. P. 15, any party wishing to amend the complaint after a response is filed must either receive written consent by the opposing party or the court's leave. Additionally, as required by LR 15–1(a), the party wishing to amend shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.  Should a party not comply with those two requirements, the pleading is subject to being deemed fugitive and susceptible to being stricken from the docket.

After reviewing Plaintiff's supplemental complaint (Doc. # 21), it is unclear to the court

1

MINUTES OF PROCEEDINGS
3:13-cv-00148-RCJ-WGC
Date: September 29, 2014


whether Plaintiff intended to maintain the allegations stated in the original complaint (Doc. # 4) and add new claims and Defendants, or whether Plaintiff was abandoning the claims alleged in

the existing complaint (Doc. # 4) and proceeding only with the claims and Defendants named in the supplemental complaint (Doc. # 21).  The court concludes from its discussions with Plaintiff that his "supplement complaint" was not intended to supersede the original complaint but instead was a reflection of Plaintiff's attempts to add new claims and parties.

     Regardless, the Plaintiff did not seek leave from the court nor did he receive written consent from Defendants to file the supplement complaint (Doc. # 21), which appears to be a document intended to add additional claims and Defendants to the original complaint (Doc. # 4). In light of these requirements not being met, IT IS ORDERED Plaintiff's Supplement Complaint (Doc. # 21) is **STRICKEN** from the record as a fugitive document.  Furthermore, to the extent Plaintiff's notice (Doc. # 30) appears to request a default against the Defendants named in the now stricken supplement complaint (Doc. # 21), this request is **DENIED as moot**.

     However, the court will allow Plaintiff twenty-one (21) days or up to and including **Monday, October 20, 2014**, to file a motion for leave to amend the complaint.  Plaintiff is advised once again of the requirement to attach the amended complaint to the motion for leave to amend and that the amended complaint must be complete in itself.  The court briefly cautions Plaintiff that after preliminary reviewing Plaintiff's supplement complaint (Doc. # 21), it appears the allegations do not state viable federal civil rights claims.  Therefore, should Plaintiff merely reiterate the allegations previously made in the supplement complaint (Doc. # 21) in a proposed amended complaint, Plaintiff's amended claims will likely not be well received by the court.

     The court next addresses Plaintiff's Notice (Doc. # 26), which appears to request leave to conduct discovery on Michelle Moses-Hicks, Nathan L. Hastings, and R. Mooney.  The court explains these are not named Defendants within the operative complaint (Doc. # 4), but rather named Defendants from Plaintiff's Supplement Complaint (Doc. # 21), which has been stricken from the record.  In view of this and to the extent Plaintiff's Notice (Doc. # 26) is requesting to conduct discovery on Moses-Hicks, Hastings and Mooney, this request is **DENIED**.

     The court next considers Plaintiff's two separate requests to be transferred to federal custody (Doc. # 27 and Doc. # 36), Plaintiff explains his requests to be transferred are predicated on the lack of adequate medial care he is receiving while in state custody.  The court explains it does not have the authority to transfer inmates from state correctional institutions to federal correctional institutions.  Therefore, Plaintiff's requests to be transferred to federal custody (Doc. # 27 and Doc. # 36) are **DENIED**.  However, the court requests Deputy Attorney General

MINUTES OF PROCEEDINGS
3:13-cv-00148-RCJ-WGC
Date: September 29, 2014

Benjamin Johnson to investigate whether Mr. Csech has received recent physical and mental evaluations and if not, the court directs Mr. Johnson to request the institution in which Mr. Csech is currently housed to undertake such evaluations as expeditiously as possible.

The court next addresses Plaintiff's motion (Doc. # 31), which appears to request an order to serve Defendants by regular mail.  The court explains Defendants Veronica Van Horn, Angelita Hensley and R. Shepherd have all answered the original complaint (Doc. # 29 and Doc. # 15) and there are no Defendants named in the original complaint who have not yet answered.  In light of the court's order striking Plaintiff's supplement complaint (Doc. # 21) and because Defendants named in the operative complaint (Doc. # 4) have answered, Plaintiff's motion (Doc. # 31) is **DENIED as moot**.

Plaintiff has also filed a "Motion to Provide Cause" (Doc. # 32), which seeks clarification surrounding Defendant Van Horn's service and answer (Doc. # 29) to the complaint. Mr. Johnson explains the Attorney General's Office accepted service (Doc. # 12) on behalf of Defendant Hensley and Defendant Shepherd  because of their current active employment status with the NDOC.  However, because Defendant Van Horn was not a current employee at the time the complaint (Doc. # 4) was served, the Attorney General's Office could not accept service and only did so after Ms. Van Horn was served with the complaint on 3/3/2014 and subsequently requested representation by the office of the Attorney General.  Mr. Johnson explains it wasn't until after that point in time did Ms. Van Horn file her answer (Doc. # 29) to the complaint. Plaintiff advises the court that, in view of Mr. Johnson's explanation and clarification surrounding Ms. Van Horn's appearance in this matter, he wishes to withdraw his motion Doc. # 32.  IT IS ORDERED, Plaintiff's motion Doc. # 32 is **WITHDRAWN**.

The court next discusses with the parties the matter of the Scheduling Order (Doc. # 18) and the deadlines in the order. Defendants have filed a motion (Doc. # 33) seeking clarification regarding Plaintiff's supplement complaint (Doc. # 21) and further clarification regarding the Scheduling Order (Doc. # 18).  First, to the extent Defendants' motion seeks clarification regarding Plaintiff's supplement complaint (Doc. # 21), that request is **DENIED as moot** in view of the court's previous order striking Plaintiff's Doc. # 21.

With regard to the viability of the Scheduling Order (Doc. # 18), Mr. Johnson states the pendency of Plaintiff's supplement complaint (Doc. # 21) created confusion regarding various deadlines contained in the Scheduling Order.  Consequently,  the deadline to file dispositive motions has since expired.  In view of the posture of this case, the court finds it appropriate to suspend the deadline to file dispositive motions and to enter an amended scheduling order. However, the court will defer entering an amended scheduling order until it is clear whether Mr. Csech proceeds on the current operative complaint (Doc. # 4) or alternatively decides to seek

3

**MINUTES OF PROCEEDINGS**
3:13-cv-00148-RCJ-WGC
Date: September 29, 2014

leave of the court to amend his complaint.  Therefore, to the extent Defendants' motion (Doc. # 33) requests an amended scheduling order be entered, that request is **GRANTED** and the court will enter an amended scheduling order when appropriate.

Continuing discussions on discovery, the court addresses Plaintiff's motion entitled "Order to Serve or to Find Defendants in Fault " (Doc. # 34).  Plaintiff's motion appears to claim Defendants have failed to respond to discovery requests sent by Plaintiff.  The court first inquires whether Mr. Csech has served any discovery requests such as interrogatories, request for admissions or request for production of documents.  Mr. Csech explains he attempted to serve discovery; however, he sent the discovery requests to the United States Marshals Office, which were returned.  The court explains to Mr. Csech that discovery requests are to be served upon the Attorney General's Office.

Secondly, Mr. Johnson indicates he is not aware of having received any discovery from Plaintiff.   He has also conferred with previous counsel assigned to this case and confirmed Defendants have not received any kind of discovery requests from Plaintiff.  Nevertheless, in view of the court's decision to enter an amended scheduling order, Plaintiff will be afforded the opportunity to conduct discovery.  Therefore, Plaintiff's motion (Doc. # 34) is **DENIED without prejudice** as there is no outstanding discovery requests the court can address at this time.

The court next considers Plaintiff's motion titled "Order to Retain Items" (Doc. # 35).  Mr. Csech indicates this motion relates to earlier motions regarding his transfer to federal custody and a request to retain evidence concerning this case if he were allowed to be transferred.  The court notes Plaintiff's motions to be transferred to federal custody, Doc. # 27 and # 36, have been previously denied; therefore, Plaintiff's motion (Doc. # 35) is **DENIED as moot**.

Concluding today's discussions, the court addresses Plaintiff's "Motion for Scheduling Management" (Doc. # 40).  The court notes this topic has been addressed earlier during today's proceeding and is therefore **DENIED as moot**.  As previously stated by the court, Plaintiff is allowed twenty-one (21) days to file a motion to amend the original complaint (Doc. # 4).  If Plaintiff decides to file a motion to amend and attaches an amended complaint complete in itself, the court will most likely defer entering the amended scheduling order until after the motion to amend is resolved.  However, should Plaintiff choose not to seek leave of this court to amend and wishes to proceed on the original complaint (Doc. # 4), the court will enter an amended scheduling order soon after the deadline to file a motion to amend expires.

**MINUTES OF PROCEEDINGS**
3:13-cv-00148-RCJ-WGC
Date: September 29, 2014

      The court schedules a status conference for **Monday, October 27, 2014, at 10:00 a.m.**

**IT IS SO ORDERED.**

10:27 a.m. Court adjourns.

                                      LANCE S. WILSON, CLERK

                                      By:           /s/
                                               Katie Lynn Ogden, Deputy Clerk